PEOPLE v. VAIL.

INTOXICATING LIQUORS—LOCAL-OPTION LAW—CONSTRUCTION—PRIVATE RESIDENCE—GARAGE.

In a prosecution for the violation of Act No. 381, Pub. Acts 1913 (2 Comp. Laws 1915, § 7118 *et seq.*), prohibiting the keeping and storing of intoxicating liquors in any building other than a private residence, where it was admitted that the liquor was found in a room used by respondent

as a garage in the rear of his pool room, the second floor over the pool room being occupied by defendant as living rooms, the conviction of defendant for violation of the act was justified, since the garage was no part of the "private residence" of defendant. *People* v. *Labbe, ante,* 513.

Exceptions before judgment from Van Buren; Des Voignes, J. Submitted June 13, 1918. (Docket No. 100.) Decided July 18, 1918.

George Vail was convicted of violating the local option law. Affirmed.

*James H. Kinnane* and *W. J. Barnard,* for appellant.

*Horace H. Adams,* Prosecuting Attorney (*Earl L. Burhans,* of counsel), for the people.

OSTRANDER, C. J. The information charges that respondent kept, stored and possessed certain liquor —whisky—

"in a certain room in the rear of a certain room used and occupied by the said George Vail as a billiard and pool room,"

—not then and there the private residence of said respondent nor of any other person. That respondent was not a druggist nor a registered pharmacist, and that the manufacture and sale of such liquor is prohibited in Van Buren county, are other allegations. The statute, the provisions of which are alleged to have been violated, is Act No. 381, Pub. Acts 1913 (2 Comp. Laws 1915, § 7118 *et seq.*).

It is not disputed that the sheriff found the liquor in a room used by respondent as a garage in the rear of his pool room, some of it in a motor car and some standing in the garage. That found in the car had just been brought in from Indiana, the other bottles were partly emptied, and there is no claim made that

they had not for some time been standing in the garage where they were found. The pool room occupies the front of the building on the ground floor. In the rear are two rooms, one of them the garage, both of which open on an alley, and they open into each other. Between one of these rooms (not the garage) and the pool room is a door. People can and do enter the pool room from the alley. The second floor is occupied by respondent for living rooms and is used by himself and wife for housekeeping. A stairway leads from the rear room below—not the garage—to the second floor. There is some testimony tending to prove that some kerosene oil was, or had been, stored in the garage for use in the living rooms and that coal for similar use had sometimes been kept in the garage.

It is claimed that the garage and the other rear room, also, are parts of respondent's private residence, that in the statute "private residence" means what "dwelling house" meant at the common law, when crimes such as burglary and arson were charged. The court was asked to so interpret the law, and refused to do so. We have before this considered this statute and have denied this contention. *People* v. *Labbe, ante,* 513, and see *People* v. *Wheeler,* 185 Mich. 164.

Other alleged errors based upon exceptions to rulings admitting and rejecting testimony, the charge of the court and refusals to charge have been examined. All of them become unimportant in view of admitted facts and the view we take of the meaning of the law. It was the duty of the jury to return a verdict of guilty.

The exceptions are overruled, and the court below ordered to proceed to judgment.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.